**STATE of Utah, Plaintiff and Respondent,**

v.

**Charles Erwin ALEXANDER, Defendant and Appellant.**

No. 16025.

Supreme Court of Utah.

June 27, 1979.

Stephen R. McCaughey, Richard G. MacDougall, Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Earl F. Dorius, Asst. Atty. Gen., Salt Lake City, Dennis L. Draney, Duchesne County Atty., Duchesne, for plaintiff and respondent.

PER CURIAM:

This is an appeal from a conviction of aggravated sexual assault in violation of Section 76–5–405(1)(a)(ii), U.C.A. (1953), as amended. The appellant was convicted as an aider and abettor of another who actually committed a rape.

The sole issue raised on appeal is whether the trial judge, acting as the trier of fact, should have found appellant not guilty on the ground that he acted under coercion and threat of force to his person. Specifically, the appellant relies upon Section 76–2–302 U.C.A. (1953), as amended, which provides as follows:

(1) A person is not guilty of an offense when he engaged in the proscribed conduct because he was coerced to do so by the use or threatened imminent use of unlawful physical force upon him or a third person, which force or threatened force a person of reasonable firmness in his situation would not have resisted.

(2) The defense of compulsion provided by this section shall be unavailable to a person who intentionally, knowingly, or recklessly places himself in a situation in which it is probable that he will be subjected to duress.

The appellant contends that this provision incorporates a "subjective" standard as to his perception of the "threatened imminent use of unlawful physical force upon him."

The State on the other hand contends that an "objective" standard should be applied in resolving that issue.

The record does not indicate which standard the trial court used in determining the issue. On the basis of the present record, there is no need to determine which construction of Section 76–2–302 is the proper one. The record is replete with evidence that would sustain, if not compel, a finding that the appellant was not coerced or threatened with immediate use of unlawful physical force.

The judgment of the trial court is affirmed.